FILED

MAY 0 1 2020

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ КЛЛГ_____,DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

James Jordanoff IV,

(Enter the full name of the plaintiff.)

v.

CIV-20-403-D

Case No. _____
(Court Clerk will insert case number)

(1) Amanda Haeze, Troxel

(2) Captain Weaver ,

(3) Case worker Kembrel.

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.    You must type or legibly handwrite the Complaint, and you must answer all
questions concisely and in the proper space. Where more space is needed to answer any
question, you may attach a separate sheet.

2.    You must provide a full name for each defendant and describe where that
defendant resides or can be located.

3.    You must send the original complaint and one copy to the Clerk of the District
Court.

4.    You must pay an initial fee of $400 (including a $350 filing fee and a $50
administrative fee). The complaint will not be considered filed until the Clerk receives
the $400 fee or you are granted permission to proceed *in forma pauperis*.

5.    If you cannot prepay the $400 fee, you may request permission to proceed *in
forma pauperis* in accordance with the procedures set forth in the Court's form
application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; Local Civil Rule 3.3.

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7.    The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.    If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.


## COMPLAINT

I.    **Jurisdiction is asserted pursuant to:**

 X  42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

_____

_____

II.     **State whether you are a:**

X Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

III.    **Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

   Plaintiff(s): _James Jordanoff IV_

   Defendant(s): _John Coffee, Joseph K._
   _Lester - Cleveland county Jail_

   b. Court and docket number: _N A_

   c. Approximate date of filing: _01-01-15_

   d. Issues raised: _Retaleation /excessive_
   _force claim_

   _____

   e. Disposition (for example:  Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): _Jury verdict in favor of_
   _the plaintiff 35 K._

   f. Approximate date of disposition: _02-07-18_

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

**IV.    Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1.    Plaintiff

Name and any aliases: James Jordanoff IV

Address:

Inmate No.: 46097

2.    Defendant No. 1

Name and official position: Amanda Haeze ~~droxel~~ Troxel Officer Lexington assessment & reception Center.

Place of employment and/or residence: Oklahoma DOC.
L A R C.

How is this person sued? (X) official capacity, (X) individual capacity, (X) both

3.    Defendant No. 2

Name and official position: Captain Weaver

Place of employment and/or residence: Joseph Harp Correctional Center, Oklahoma

How is this person sued? (X) official capacity, ( ) individual capacity, ( ) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

6.    *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

•    If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

<u>Claims</u>

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1.    **Claim 1:**

(1)    List the right that you believe was violated:

Exeesive Force/crule and unusual punishment
8th Amendment

(2)    List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

Troxel

Amanda Haeze droxet.

Exhibit (A)

# OKLAHOMA DEPARTMENT OF CORRECTIONS
## REQUEST FOR HEALTH SERVICES

*108* 6



**TO BE COMPLETED BY OFFENDER**     Facility: La-r C     Date: 02-08-20

Offender Name James Jordanoff     DOC # 461097 Unit 8/108

**I request the following service(s):** (Check appropriate box(s))

☒ **Medical**  ☒ **Mental Health**  ☐ **Dental**  ☐ **Optometry (eye)**  ☐ **Medication Renewal**
(expired medications only)

Reason for service: My lip is swollen and I need help! I can't sleep I'm scared . . .

I understand that in accordance with operations memorandum OP-140117 entitled "Access to Health Care", I will be charged $4 for <u>each</u> medical service <u>I request</u> and a charge of $4 for <u>each</u> medication(s) dispensed to me, with the exceptions noted in the above-reference operations memorandum. There is <u>no charge</u> to the offender for mental health services and/or mental health medications.

**Offender Signature** _(signature)_     Date: 02-08-20

Lexington Ass...

**TO BE COMPLETED BY HEALTH SERVICES**

| Date Received | Initials |
| --- | --- |
| FEB 0 9 2020 | H |

**Comment:** Potocel done

_(signature)_     2-9-20

**Qualified Health Care Professional**     **Date**

**NOTE:** All "K... medication refill requests must be submitted to the facility's health service... facility, using the "Medication Refill Slip" (DOC 140130M). "Medication ...hin ten days of the date the medication expires or runs out. "Me... OFC (C50 I)  ...e and accessible at designated locations within the facility.  Amanda Haese – Troxel

DOC 140117A
(R 10/15)

Exhibit (B)

Exhibit (C)    Case 5:20-cv-OKLAHOMA DEPARTMENT OF CORRECTIONS Page 7 of 31

**OKLAHOMA DEPARTMENT OF CORRECTIONS**
(DEPARTAMENTO DE OKLAHOMA DE CORRECCIONES)

**REQUEST FOR HEALTH SERVICES**
(SOLICITUD DE SERVICIOS DE SALUD)

## TO BE COMPLETED BY INMATE (Debe ser completado por interno)

Date (Fecha): 02-20-20   Facility (Instalaciones): L A R C   Unit (Unidad) B / 108

Inmate Name (Nombre del interno) James Jordanoff   DOC # 461097 DOB (Fecha de nacimiento): 2-7-84

I request the following service(s): Check appropriate box(es) (Solicitar los siguientes servicios: (Revise su caso box(es))

☐ Medical (Médico)   ☒ Mental Health (Salud Mental)   ☐ Dental (Dental)

☐ Optometry (eye) (Optometría (ojo))   ☐ Medication Renewal (expired medications only) (Renovación de meducanebtos (sólo medicamentos vencidos))

Reason for service (Razón de servicio): State in English (Estado en inglés): I need to talk to the mental health lady that I visited with on 02-18-20 as soon as possible it's an emergency.

I understand that in accordance with operations memorandum OP-140117 entitled, "Access to Health Care", I will be charged $ 4 for each medical service I request and a charge of $ 4 for each medication(s) dispensed to me, with the exceptions noted in the above-referenced operations memorandum. There is no charge to the inmate for mental health services and/or mental health medications.

(Entiendo que según memorando operaciones OP-140117 titulado "acceso a la atención de la salud", se cobrará $ 4 por cada servicio médico que solicito y un cargo de $ 4 por cada medicamento dispensado a mí, con la excepciones en el memorando de operaciones por encima de la referencia. Es sin costo para el interno de servicios de salud mental y/o medicamentos de salud mental.

NOTE: All "Keep on Person" (KOP's) medication refill requests must be submitted to the facility's health services unit or to the medical host facility, using the "Medication Refill Slip" (DOC 140130M). "Medication Refill Slips" must be submitted within ten days of the date the medication expires or runs out. "Medication Refill Slips" are readily available and accessible at designated locations within the facility.

Nota: Todos "mantener en persona" (KOP) medicamento llenado las solicitudes deben presentarse a la unidad de servicios de salud de la instalación o a las instalaciones de la sede médica, utilizando la "medicación rellenar hoja" (DOC 140130M). "Relleno de medicamento se desliza" debe presentarse dentro de diez días de la fecha ei medicamento caduca o se agota. "Relleno de medicamento se desliza" es fácilmente disponibles y accesibles en determinados lugares dentro de las instalaciones.

Inmate Signature (Interno firma) James Jordanoff AV   Date (fecha): 02-20-20

Lexington Assessment and

### TO BE COMPLETED BY HEALTH SERVICES
(Para ser completada por los servicios de salud)

Date Received: FEB 21 2020   Initials: HW

Received Medical

Comment (Comentario): Will plan to meet with you on 2/24 or 2/25 for follow up.

RN/LPN/Health Care Provider Signature (Firma del proveedor de cuidados de RN y LPN/salud)   Date (fecha): 2/21/20

Return the "Request for Health Services" with the disposition of the inmate's request in the comment section to the inmate after scanning into the inmate's EHR.

Retomar la"solicitud de servicios de salud"con la disposición de petición del interno en la sección de comentarios el interno después de la exploración en EHR del interno.

RECEIVED

FEB 21 2020

DOC 140117A
(R ??)

(3) Supporting facts

(Claims)

Claim 1: Excessive force / 8<u>th</u> Amendment
Violations

On february 7<u>th</u> 2020, "Also the same as plaintiffs
birthday", Officer (CSO II) "Amanda Haese Troxel
Commited "assault and battery with a dangerous weapon"
when she kicked plaintiff in his face with her workboot,
plaintiff suffered two busted lips, wounds to his upper
and lower lips and a loose bottom right tooth as evidenced
by Exhibit (A) "plaintiffs Request for health services" sheet. please
~~see~~ also see "backside of medical form" Which the nurse used to
document plaintiffs injuries. Also, please note Exhibit (B) "a piece
of paper" with ms. Troxels name on it that "officer Song" a
female officer that worked night shift at that time of incident,
wrote down for plaintiff ~~after she~~ found the name in the
officers "Log book" used to sign in at work for their shifts.
The reason is that at the time and after the prisons investigation
into the ~~matter~~, nobody would devulge the defendants name to
the plaintiff, even though he requested it, as he was not
aware of the defendants name and thus was given to identify
defendant by investigators such as "body Type, color of hair, eyes ect"
although it may be regarded as "hersay", ms. officer song told
plaintiff that she was pretty sure that Amanda Troxel is
indeed the officer that assaulted paintiff after he gave ms.
Song the physical discription of defendant in question, because

1

officer Song told plaintiff that she matched the discription of the only other female officer working on the Sift Signed in the "Log Book" at or on 02-07-2020., and that also ms. Troxel is given to have a horrable disposition towards inmates in general and that ms. Song believed ms. Troxel has negitive attitude in general.

( History of case )

On plaintiffs birthday, 02-07-20., defendant Troxel was passing out toilet paper to cells on the bottom floor, she ~~unlocked~~ Unlocked the "Food slots" and ~~a~~ was placing toilet paper in front of the cell doors. As officer Troxel passed by plaintiffs Cell 108, he noticed Troxel did not place any toilet paper by his cell door as she did for the other inmates. Plaintiff then, got down on his hands and knees, placing his "Face" in the "Food slot" plaintiff tried to get Troxels attention by verbally comunicating to Troxel "Excuse me officer, you didn't give us any toilet paper", reffering to plaintiff and his Cell mate at that time "Keng Chang". After a brief moment Plaintiff saw a "black blurr" and instantly sustained two busted lips, his head snaped back then his mouth filled with blood. Plaintiff then got to his feet grabbing his injured Face, looking through the cell window was Troxel. Plaintiff then told Troxel, "are you crazy, you just Kicked me in my face". Troxel yelled at plaintiff "I don't give a fuck" and slamed the "Food slot" closed. She didn't give us any toilet paper . . .

2

On, 02-08-20, The "investigation into the assault/ excessive force claim began. Nurse Christen Bird, pulled Plaintiff out of his assigned cell as plaintiff was having an anxiety attack because due to the physical injuries of the attack on plaintiff by Troxel. Upon meeting with Nurse Bird, ms. Bird inquired unto how plaintiff received his injuries, busted lips. After plaintiff confessed what had happened to ms. Bird, the nurse contacted Cpl. Collum whom transported plaintiff to medical where plaintiff was told by Captain. Smith, to give a brief statement of what happened, After which plaintiff was taken back to unit and asked to give a written statement, which he completed. Plaintiff was put back in cell 108, then moments latter taken back out of the cell to the other side of unit (9) where an officer took a video/camera and took what appeared to be pictures of plaintiffs injuries. Latter, officers pulled out trustees and questioned them, asking them to write statements according to one trustee Aaron wells Joseph, whom confided to plaintiff that he was afraid to write a statement at the time because of fear of what the other inmates would do to him for "snitching" or "telling" as the officers made no attempt at discretion while "interrorgatting" potential witnesses to protect their identity as the officer conducting the "investigation" used the office in the dayroom in front of all the other inmates in the pod/unit. Plaintiff would respectfully request the court note that inmate "wells" confided to plaintiff that if he was to talk to any

3

defence attorney for the plaintiff he'd consent to written testimony under "safer conditions". Plaintiff arrgues respectfully to the court where plaintiff would benifit largely if he were appointed counsil to help aid in representation in this current instant action as he is currently on an indeffinate period of time on twenty three hour lockdown at a Mental Health Facility/unity at Joseph harp correctional Facility in Lexington oklahoma and his attempts to timely File his Legal littigation are greatly at risk and are being impeaded as plaintiff will respectfully try and address in his other claims attached to this lawsuit.

Plaintiff would respectfully inform the court that his cell mate at the time of assault on 02-07-20 on plaintiff by Troxel. ~~Cherry~~ Keng chang - is a case sinsitive witness whom plaintiffs mother Lisa Goodson has Keng changs wifes telephone number and address where Keng chang is to be contacted according to vertue in this case as witness to the ~~assault~~ assault on plaintiff by Troxel, Furthermore, plaintiff would respectfully call as witness Dandra Cassity (DOC) department of corrections number 852916 as witness in this case. Also plaintiff would call ~~Mor Moore Day~~ Moore Dylan Horton (DOC) # 715551 Bd 09-27-1996 cell 110 and his cell mate Robert Colley - (DOC) # 844606 as witnesses along with Michael Jones cell 109 (DOC)# 581421, all as witnesses for plaintiff.

Plaintiff respectfully urges to the Honorable court that the above mentioned witness's are all first hand eye witness's whom were never interviewed by investigators at the prison and even if they were would have been "cohersed" at the time of the investigation to not

4

Cooerate at that time as explained above earlier how the process of the investigation left inmate wells intimidated by the other inmates whom were suggesting, by yelling out their doors that something weird is going on.

Plaintiff respectfully informs the court that he has possestion of all the above "eye witness's" contact information ie. telephone address, Doc, information but respectfully request the court place a "stay" on all pertinent camera video serveyleince feeds to be used as evidence for plaintiffs case.

Plaintiff respectfully argues that kicking an inmate such as plaintiff who is diagnosed with mental health disabilities raises the issue implicating his claim for 8th amendment violation to be free from "crule and unusual punishment.

Plaintiff respectfully prays to the court that it will please consider his current and past plighter from Lexington A?R to (G) unit and then to BHU unit at Joseph Harp mental health center as explained in his 2nd claim when deciding or ruling on possability of appointing "Assistance of appointment of counsil" to help plaintiff in the preparation of filing any future motions ect in this case. And plaintiff would respectfully request "appointment of counsil" as there are to many "complex issues" indeed in the case that need to be researched and or addressed for plaintiff to get a "fair chance" at littigating and defending himself under the circumstances plaintiff has tried his best to convey to the honorable court.

(3)    List the supporting facts:

See supporting fact6 . / Plaintiff Kicked
in the face , busted lips and loose teeth.
Mental anguish Exhibit (C)

_____

(4)    Relief requested:  (State briefly exactly what you want the court to
do for you.)

Relief in the amount of 125 K for
Pain and suffering / mental anguish.

_____

_____

2.    **Claim II:**

(1)    List the right that you believe was violated:

Retaliation / Discrimination ;
14Th amendment right to due process
Violation - impeadment of effort to / attempt
timely file legal litigation . . .

(2)    List the defendant(s) to this claim:  (If you have sued more than one
defendant, specify each person or entity that is a defendant for this
particular claim.)

Captain Weaver sued / official capacity
Case worker Kembrel sued / official capacity
BHu Behavioral health unit / DR. Btem (official)
Mental Health provider Ms. Howard (official) capacity

(3) Supporting Facts

## Claims

Claim 2: 14th Amendment due process violation / Discrimination / Retaliation / impedment to Timely File

On, approximately 03-06-20 plaintiff was admitted into the mental health unit or (G) unit at Joseph Harp Correctional facility in Lexington Oklahoma and placed in cell number 109 initially. Ms Howard, plaintiffs mental health worker met with Plaintiff outside his door speaking to him at verious times and even took him to the "dayroom-Table" also to speak with him on approximately 04-08-20 and to fill out Legal paperwork for his Then, case worker at the time, "Kembrel" regarding the missaplication or invalidity of plaintiffs criminal conviction at Lexington assessment and reception center.

From approximately 03-06-20 to 04-10-20 can be seen on video speaking with verious staff members to include, ms. Howard ~~mr. Kembrel~~ Mr. Kembrel, officers - Sgt. Johnson - Sgt. Longhorn Captain. Weaver - Sgt. Jagers - Sgt. Roper - Sgt. Miller - Crpl. Wright And others not identified at the time including night shift workers, Plaintiff notified all the above staff members that he had submitted a (RTS) or request to staff on approximately 03-12-20 as directed by Ms. Howard to the "Law Library" to Try and obtain an "PLRA 1983 Civil Rights" form and the "Pauperis affidavit" to begain litigating for relief on his "Excessive Force" claim, "Claim 1:" of this Lawsuit. However ~~after~~ after "exhaustion of his administrative remidies as expained above from 03-12-20 to approx. 04-08-20 plaintiff was denied any relief for his Strugle and or attempts to ~~obtaine~~ obtaine the above aftermentioned forms. It should be noted that plaintiff Turned in his (RTS) requesting said forms to ms. Howard on the above approximate date of 03-12-20 and never received back any responce from the Law Library Ms. Blackmen, along, without the desired forms as explained of above.

|

Along with his persuit to try and obtain said Legal Papers, Plaintiff was denied his "indigent supplies" To include stamps and envelopes he would need to corespond with the courts, in mailing his civil rights complaint/ pauperis affidavit.

In general, its standered practice that when a new inmate arrives at prison he or she is issued "Indigent supplies" Plaintiff was never afforded any "Indigent supplies" upon addmission, and furthermore he requested all of these things through informal resolution when speaking with Ms. Howard and Captain Weaver, second even through formal resolution ie (RTS) when he turned in his (RTS) to Ms. Howard ~~along with~~ For his civil rights complaint form & IFP affidavit, he also submitted a (RTS) requesting said "Indigent supplies" to his case worker Kembrel, for again which plaintiff didn't ever receive any response back from case worker Kembrel. Whatever happened to those (RTS) The Plaintiff has proof/evidence that he "exhausted administrative remidies" thuroughly as best as he could. Plaintiff would respectfully bring to the courts attention that because of "percautions"/"restrictions" placed on plaintiff due to his "mental health status" Like on what he may be allowed to possess inside his cell at that time, he Lacked the "tools" to address his issues "formally" like any writting untinsel/pen, pencil) or appropriate paper acceptable to the court, Therefor Ms. Howard was and is the person responseable for any "preparation" of ~~submitting legal and~~ helping assist the inmate in preparing & submitting Legal paperwork, again as plaintiff lacked any thing to write with or anything to write on including (RTS). These "restrictions" may be desirable to an extent concerning "Mental health status" but are none the less restrictive to the effect of causing an "Impediment" of plaintiffs efforts to "timely file" litigation, if not interviened upon by providing assistance for the inmate like Ms. Howard plaintiffs mental health provider. Outside of the fact that Plaintiffs was unable to aquire or obtain the Legal supplies he needed

2

in a "Timely manner" - implicating his claim against captain Weaver, ms. Howard and case worker Kembrel For "Impeding plaintiffs Efforts to Timely ~~File~~ his Legal litigation", on approximately 04-10-20 at plaintiffs cell on (G) Unit case worker Kembrel came to plaintiffs cell window and ~~seemingly~~ aggressively ~~began~~ to tell the plaintiff that he could expect to get nothing ~~From~~ him ever again and he would never speak to plaintiff again if he ~~request to staff / PLTS~~ Turned in/submitted a request to staff/PLTS, to the law library with his name on it. Plaintiff had explained and attempted to resolve The issue with mr. Kembrel the First week he arrived at (G) Unit at Joseph Harp correctional center regarding the "missapication or/ The invalidity" of his Criminal conviction, by means of "Non-formal" ~~ex~~ exhaustion of administrative remidies. But ~~because~~ of the answers that Mr. Kembrel gave to plaintiff, he decided that a "Formal" attempt at exhausting his administrative remidies would be more appropriate To resolve the issues he is having with the service of his sentance. ~~By Days to then gave~~ Plaintiff told mr. Kembrel that he had to submitt The Grievance/PLTS, to show proof of an attempt at resolving the issue as the "Habeas court" will and does require the offender to "Exhaust their administrative remidies" prior to a "Habeas action", Mr. Kembrel told plaintiff "do it and I'll never talk to you again" and then left, Implicating plaintiffs "Retaliation" claim

~~Because~~ plaintiff was being grieved ~~beyond~~ merely "innocent acts" ~~by the by~~ by the above named officers ¢ mental hearth staff, The plaintiff was also being ignored by the officers, case worker, mental hearth staff in his attempts to contact the Federal court as explained above, Plaintiff Told captain Weaver ~~That~~ if he could not get the supplies he needed to Contact the court he would have to have his family file "retaliation" Charges against her for ~~for~~ further violating his "Right to seek redress" This all Taking place on approximately 04-10-20, while he was still on (G) Unit cell 109.

Approximately 15-20 minutes later Captain Weaver told plaintiff to "Pack up all his things" That she was moving plaintiff to a "Better Place" where he will be able to get the "Help He Needed" Captain Weaver

3

' Then had plaintiff transferred/escorted to "B HU/behavioral health unit" upon entry to BHU, plaintiff was placed inside cell, (210) He was allowed his clothes he had on and a/suicide blanket at that time. Nothing else was permitted inside the cell. Plaintiff was without a bed also. No bed was given to plaintiff until the two days later in the afternoon. Plaintiff suffers from "Degnerative disc diseas". Also upon being put inside cell (210) Plaintiff observed "Extreamly unsanitary conditions of confinement" almost imiediatally, plaintiff's "olfactory sences" were assaulted by fresh "feceis"/Fecal matter, that had been smeared on the cell walls and camera and left there. In addition to the "excretmert" there was and still remains "blood" in sufficient amounts, that in fact, that plaintiff was able to scrape enough blood off the walls to obtain evidence and capture/containe it inside a thin, clear plastic sleave which has been sealed along with the, "feceis" and only in seperate containers with approximately theirty, plus "Flies", insects for which plaintiff also holds as evidence "evidence". The three pieces of evidence, "Insects, Feceis, Blood" plaintiff collected all of which is recorded on video from a camera inside his cell.

These Harsh "conditions of confinement", plaintiff would respectfully argue to the court that because of the amount of time in which he was left in this invirorment, from approximately 04-10-20 to 04-21-20 for approximately 11 days befor he could get an officer to clean his cell That these raise to the level of "significaint Hardships" Also, Plaintiffs toilet was leaking "infected" toilet water in the cell causing standing, stagnaint toilet water to flood in the cell. Plaintiff had to endure all of these "Hardships" along with the fact that there is no ventelation in plaintiffs cell, causing the rise of humidity to an ubarable degree. It's currently 04-25-20 and plaintiff and his next door nighbor Sapo noriaga cell 209, were finally given bags of ice to put in our cups of water to compensate for the extream heat. Dr. Stem the mental health Dr. for B HU., ordered plaintiffs cell to be power washed as there's still currently blood on the celling and walls and the corners of the cell are visibally black with mold and dirt yet still

4

The Drs orders haven't been carried out. There's no standard of procedure or policy being "consistantly" observed to ensure clean living conditions on BHU, Unit. No "Log of entry" it's assumed as evidence of these "unsanitary conditions of confinement". Plaintiffs respectfully argues to the court that due to the above "significaint Hardships" and posed by the conditions of confinement on BHU, Plaintiff respectfully raises his claim against Captain Weaver, Case mgr. Kembrel for "Pletaliation" for seeking redress through the Federal court.

Upon Transferr to BHU, Plaintiffs 14th Amendment to due process violations arise when his prior priviliges he was enjoying "2-free phonecalls a week" was arbitrarally removed also implicating his "Discrimination" claim against defendants as.

Plaintiff observes that no "Missconduct hearing" was conducted prior to the removal of plaintiffs privillages he was enjoying at the time. Also other "similarly sittuated" innates are receiving "Two free phone calls" weekly on (G) Unit and the rest of the prison population for that matter except for inmates on "BHU, unit"

Plaintiff argues that the whole premiss or point of mental health is for the consumer to develope better coping skills and all the while enjoying a more complete sence of ones self helping to build even more stronger relationships with friends and family. The point and or reason for the "Two Free phonecalls" weekly is just for the very reason of "sustaining strong friend and family ties" while the prison system remains on lockdown due to the virus "everybody" is dealing with. Again, plaintiff respectfully argues to the court that due to the "removel or arrbitrary removel" of his priviliges/phone calls that these actions taken against plaintiff in "Pletaliatory fashion" pose "significaint hardships" to plaintiff and implicate his "Retaliation Claims" against defendants, and not limited to "deecrimination". . . .

Plaintiff respectfully informs the Honorable court that there are simply to many infractions at this current time to address and that therefor plaintiff respectfully urges the most pressing issues at current.

Plaintiff respectfully requests the court for for "injunctive relief" To hault the abuse of Mental health patients here on BHU unit, at Joseph Harp correctional center.

The abuse being in the form of "unsanitary conditions of confinement" being exceedingly filthy cells, due to lack of any proper cleaning rituals of its prisoners cells as in (DOC) policy and procedures manuel, on a consistant basis as documented in a "Log book" proper or introduction of proper ventelation in the cells on BHU, access to proper hygiene to include facial hair groming, on a consistant basis, shower sandels, clean cloths on a well documented "consistant basis ie. Log book" The introduction of mental health groups on routine basis. And to hault the discrimination of its clients on BHU by affording them the same opperturities as everyone else who are getting to enjoy the liberty of forming and sustaining contact with friends and family during these trying times due to "statewide lockdown" and the corona virus. Plaintiff also raises the issue that he is not serving an 85% prison sentence and is thus eligible for good-time credits/level promotions except there's been no level promotions given to plaintiff as explained to ms. Lumdone The unit mgr. Whom told plaintiff that she is not a case worker but the prison administration has her working as one. plaintiff has also been denied "monthly-time cards" that show the offenders service of his sentence. Its generally understood that inmates are to be given monthly "level promotions" so long as the offender has received no, "misconducts" and "Time-cards" are given monthly to show "service of sentence" although as explained of as above plaintiff and the other offenders are not receiving such further violating and implicating his 14th amendment due-process violation, as "good-time credits" implicate an liberty interest, protected by due-process.

6

Convictions portion of the form.

As for the relief sought concerning the misapplication of security points in the "Escape History" section of the form I believe the application of a total TEN (10) security points for Escape History to be in error as the policy and procedure manual clearly states and sets forth a requirement be met befor the application of said security points for escape/attempted escape is warranted. That requirement being in the form of a conviction by the governing court of jurietiction as the policy regarding three (DOC) policies regarding the escape/attempted escape history portion of (DOC) policy clarifies itself by concuding that "In any case where theres no disposition indicated on a judgment and sentencing sheet regarding escape/attempted escape the court of governing jurietiction will be contacted and requested to verify in writting the disposition of the case. Every effort will be made to verify the disposition of escape/attempted escape charges"

I would like to respectfully point out that the final disposition of the escape/attempted escape charges in question where dismissed in 2009 "over TEN years ago".

The subsequent application of (10) security points for escape/attempted escape carries with it a level restriction for level two only with no level promotions for a minimum of (5) five years thus implicating a liberty intrest in statutory good time credits because the restriction to leveltwo for (5) years will reduce the amount of good time credit I can achieve per month lengthining the amount of time I will have to serve on my sentence.

Subject Continued: Address my issues
Concerning the grievance as more room was
needed. Such as in this grievance.
I've been directed by my legal counsel to
request a copy of the back portion of the
grievance also as this shows proof of exhaustion
of administrative remidies.

## Summary of Complaint

With respect to the Judge and Clerks of the court Plaintiff has prepared a summary of his complaint for better clarification.

Uppon reception at Lexington reception and assessment center department of corrections. Plaintiff was placed in confinement in cell 108 on unit (9). From there plaintiff met with a case worker whom gave plaintiff a copy of his initial custody assessment form. After plaintiff reviewed his copy he noticed that "classifications and population" applied or rather "missaplied" security points Exhibit (D.) to his casefile, increasing the "level severity" or "custody level" of the service of plaintiffs sentance. On February 7,th 2020, Plaintiff was Kicked in his face by officer Amada Haeze Troxel, on his birthday, busting his lips and loosening a tooth. Plaintiff allready suffering from mental health disabilities became even more exceedingly sick due to being assaulted by Ms. Troxel as he's been diagnosed with "PTSD" even prior to the assault. Plaintiff saught mental health help by contacting Dr. Landry, Exhibit (C). Plaintiff was Transferred to Joseph Harp Mental health unit (G). While at (G) unit plaintiff saught help from mental health worker, Ms. Howard for his mental health issues and with his efforts to "Timely File" legal littigation concerning his "Excessive force claim" against Ms. Troxel, and with trying to get relief from the erroneous "custody assessment" that Lexington reception center gave plaintiff, Exhibit (D). Because plaintiff was unable to obtain the required forms to initiate a civil rights complaint, after extensively "Exhausting his administrative remidies" plaintiff contacted Captain Weaver and was accompanied by his caseworker Mr. Kembrel, when Ms. Weaver arrived at plaintiffs cell window/door, Mr. Kembrel in a pretty aggitative/aggressive

1

manner took the PLTS/Grievance plaintiff had given to him holding it up to the window raising his voice Kembrel asked, "whos name is it on this grievance"? "Your writting a grievance against me"? Kembrel Told plaintiff that If he turned in the Grievance that he would never talk to plaintiff again and that plaintiff would'NT be able to get anything from him if he turned in the Grievance, thus plaintiff feels is an act of "retaliation" for seeking relief on an issue concerning plaintiffs Prison Sentence. Because of the "significant Hardships" associated with the type of treatment plaintiff was experiencing from Lexington reception center until then, plaintiff told Captain weaver that he would be forced to have his family file "retaliation Charges" against her and Kembrel for the way they was treating plaintiff. Maybe 15 minutes later weaver told plaintiff to pack up his things, that she was moving him to a better place where plaintiff could get help with his legal issues. Captain weaver moved plaintiff to BHU unit, where all of his privillegas Phone calls, commissary, were removed. Also plaintiffs assigned cell was and still remains unclear, unsanitary with Blood, feces, mold, dirt. Plaintiff respectfully argues that due to the fact that Ms. weaver is the Captain and moved Plaintiff into this type of "conditions of confinement" and removing his priviliges was and can only be in "Retaliation" for Plaintiffs attempts to "Timely file" his Legal litigation and implicates a 14th Amendment right "Due process violation" by taking away his privileges without any "miss conduct Hearing" The removel of said phone calls plaintiff respectfully argues also is "Retaliatory" in the sence that it slows down "Empedes" or attempts to empede plaintiffs efforts to timely file his Legal Littigation. Plaintiff also respectfully argues to the court

That the mental health staff to include Dr. Stem, Ms. Spears that run BHU, insist that plaintiff is not being punished but its consistant with the mental health program on BHU unit for which plaintiff has lost his "priviliges, ie phone calls commissary.

For the first three and a half weeks while plaintiff was housed on (G, unit) he was receiving his weekly (2-free) phone calls and Ms. Howard told plaintiff that the next step for him is that he would be moved "up-stairs" in "G-unit" where he would get more "priviliges ie. TV. Commissary, food, extra phone calls" Next he would move "next-door" or "other-side" where even more "priviliges" could be enjoyed. Through out his incarceration incarceration and time he's been at Joseph Harp Correctional Center from approximately 03-06-20, to present 04-25-20 the word/term "prize "priviliges" has been used continuously by (DOC) staff and the mental health staff alike as a form/type, of "insentive to compel" plaintiff and other inmates alike to "persuade" them to follow directions of staff members and with the understanding that "monthly-level promotions" will be merited along with the offenders ability to go without any missconducts for the duration of a calender month. "Gang-pay, phone calls, and food ie. commissary ie. food, electronics, shoes-clothing" are all "priviliges" that implicate a "Liberty" interest protected by "due process" like "statatory-Good Time credits" an offender earns on his/her sentance, all protected by "14th Amendment due process" or "proceedural-due process"-Doc, policy and proceedure "manuels/operations" Indeed, the mental health staff or or at BHU, unit seem to be "toying" with the same concept employed by ½ through Doc-policy regarding "priviliges and the level system" except plaintiff argues respectfully that there is no "sufficient "sufficient" proceedure/policy governing and being employed at or here on "BHU" unit that to "protect", its clients from abuse of power/arbitrary actions of government paid officials or state paid officials ie. "Misconduct-Hearing" befor taking away the offenders "priviliges" More to the point, plaintiff

3

respectfully argues that, Even the mere "prospect" of or the opportunity to earn "Good Time credits" and "priviliges" associated with Doc --"Level promotions" and or "program" such as BHU's so called "Mental health program" need by governed by a some Type of Due process or proceedural due process Like a "misconduct Hearing" For which plaintiff observes that there is ~~similar~~ ~~type of~~ No similar type of "standard or process" for the "Mental health program" on BHu unit, at Joseph Harp correctional center to ensure its clients "Liberty interest" are fully observed and protected. And sence SGT. Howe was observed giving Coffee only to some inmates on BHu, unit but when plaintiff asked for the "same thing" she told Plaintiff No, That this is a form ~~of~~ "Discrimination" against Plaintiff on approximately on 04-12-20 during her dayshift but the First week plaintiff was housed on BHU, unit. Plaintiff merely mentions this Fact, because ~~can it~~ not only can it but it does raise the question and oppen up the possability of "contracting" With inmates but it causes "discord or disruption" among the inmates where one person is not getting the same benifits as another. Due to ~~these~~ The "nature" of the "program" observed on BHU, unit, None of its Clients/ are allowed to purchase any Food, to include "Coffee" while observing the program on BHU unit. Therefor plaintiff consideres it "discriminatory" regarding Sgt. Howe actions, And due to the vast number of concerns/problems at current plaintiff is praying to rely on the court for protection against "retaliation" from Captain weaver and ~~sgt. Howe~~ For addressing these ~~issue~~ to the court. Further on approximately ~~1-22~~ Tuesday 4-21-20 plaintiff filled out a comissary purchase order Form for stamps, envelopes, paper and pen to "Timely File" This Civil rights complaint. On, Thursday approximately, 4-23-20, plaintiff did not receive his supplies from comissary. Captain weaver at Plaintiffs door cell 210 Talked to plaintiff for approximately 15-16 minutes. Told plaintiff because of the virus/Lockdown, The commissary did not get Filled that commissary is a week behind. The next ~~week~~ ~~when~~ day when sgt Howe came on shift she told cell 209 that when she

4

Came in she observed that the order forms didn't get turned in. Plaintiff mentions these issues as it feels like an outright attempt once again to "slowdown/empead" plaintiffs efforts to timely file his lawsuit, as he needs stamps envelopes, paper, pen to prepare his complaint.

Plaintiff respectfully urges to the court that the mental health staff to include Dr. Stem/ms. Spears claim that its not "dicipline," for which they have and are restricting ≠ there clients "priviliges, phone calls, commissary ie. food" But for mental health thereputic reasons. Plaintiff disagrees, strongly with both of them and respectfully requests the court grant plaintiff an "injunction" to "investigate" into the situation here on BHU, unit at Joseph Harp Correctional Center, as to plaintiffs "Retaleation claim" against Kembrel, weaver and his mental health team. To determine what or why and who colaberated together to have plaintiff moved to "BHU-unit" from "G-unit" where his "conditions of confinement" have come into question as explained of forthwith. Loss of "priviliges, ie. Food Phone calls, comissary food" unsanitary living conditions as explained, The lack of proper/consistant, Hygine, clean cloths to include the proper/complete atire "socks, undershorts, shirts, pants" shower sandels ≠ for indigent inmates. Plaintiff respectfully urges the court to please consider part of his request for "injunction to be in the form of a "Mental Health investigator" To come talk with the clients on BHU, unit to fully capture the situation at hand. The case mgr/unit mgr. whoever they may be are not competent, and are not properly ingaged in "level promotions-monthly" handing out time cards or passing out monthly indigent supplies to indigent inmates. If the prison system is "full, population wise" its due to the type of neglect here on BHU, unit, where the inmates are not receiving monthly level promotions as they should be otherwise incuring extra "Good-time credits" off their sentances again, implicating plaintiffs, due-process violation or proceedural due Process violations when plaintiff is eligible to receive "Good-time credits" off his none/85% prison term.

5

Finally, plaintiff would respectfully reurges to the court Lexington and recepction center has and continues to violate plaintiffs right To due process, by sanctioning his institutional file with security Points as Classifications and population has erroneously missaplied Security points to his case file for charges of "Attempt to escape" that were dismissed by the district Judge Lori Waikly over Ten years ago. Because plaintiff has a "Liberty interest" in earning Good Time credits monthly off his sentence and a Liberty interest in moving down in security ie. Minimum security, The missaplication of 10-security points for "charges unfounded" is in direct violation of his "14th Amendment right to due process" when the missaplication of said security Points imposed a "Level restriction" to Level two for five years thus greatly reducing the amount of "earned Level credits" he could receive monthly on Levels "3-4" while again introducing "agrivating factors" to his institutional case file, causing loss of all priviliges for level "3-4" to include "Gang-pay, Good time credits" and The prospect and or binifit of getting to-move down in security. Also the prospect of obtaining Parol is Tanted as well as these are unwarrented, unfounded, charges that were dismissed well over Ten years ago. Plaintiff respectfully also raises The question of such an erroneous "custody assessment" that created and creates a "safety concern" for plaintiff when and where The "Department of corrections" is "Knowingly and mieiliciously" increasing the "security Level" for which plaintiff has been and will be being placed, All in "retaliation" for seeking out the "Federal court" and in violation of his 14th Amendment right and 8th Amendment rights. Plaintiff respectfully requests "imidiate injunctive relief" To compel The "DOC-Classifications and population" or the Director of DOC To "Remove" the "Attempt To escape points/security points" in Amount of 10 points from plaintiffs institutional file, and correct any other damaging information caused by This erroneous custody assessment to ensure his "safety and rights" are observed upheld and protected, respectfully plaintiff considers his "Efforts to remidy and exhaustion of admin. remidies" is and has been diminstrated in full as explained.

6

Plaintiff respectfully informs the court that today on 04-27-20 Nurse Mark Told him that the Dr, Stem and Spears ordered plaintiff a "shot of prolicson" or Anti-sychotic. When plaintiff told Mark that he is illergic to that Drug and asked him why the doctor ordered it Mark told plaintiff that they said he needed to refocue"

Plaintiff respercfully urges to the court that he is absolutely at the mercy of the court and prays that it will please intervine at once to protect plaintiff from retaliation by Dr. Stem whom supervises BHU, unit and Captain Weavers, subordinate officers stricktly to include officer Howe. Whom are "discriminating, and retaliating against plaintiff for seeking the court for help. Although plaintiff didn't receive an injection/shot today he's totally "Terrified" at the prospect of Medical forcing him "against his own will" to give him "Im-Drugs" as hes "Hyper-sensitive/allergic" to a whole family of Anti-Schotics as he's been Medvaced to hospital in Good-Samaraitain hospital/maricopa county AZ. For anaflactic/shock because of orally taking Ati-sychotic Halldol, Prolickson also has the same effect where he experiences EPS/extra, perimidol, symptons.

Plaintiff respecfully urges to the court that as evidence by/through his littigation, although his nerves are bad at the moment as he's under unusual/high amounts of stress, due to his "conditions of confinement" as explained in his complaint however plaintiff is being given "zyprexa-" at night for his "symptoms" and saIexa in the morning, And plaintiff feels that he's feeling his medication is Thereputic for the moment. And again that by/through his littigation prays the court will see that he's NOT-delusional or nor does he need to "refocue" as Dr. Stem and ms. Spears suggest but that his "aggitated state" is result of his Conditions of "confinement/Significant Hardships", and the fact he's incuring all of these "Significant Hardships/retaliation" for his attempting to exercise his rights to "Timely File his Legal littigation" and that the Dr./doctors orders to "excessively-Medicate" plaintiff is an "abuse of power" decidedly to turn plaintiff into a "zombie" so as to all together stop his efforts to address the court as such would imerintly be the case if plaintiff was given such Im-Drugs if not "Kill the plaintiff" in the process. Therefor plaintiff strongly but

7

respectfully urges and request a the court please consider
granting his plea for "injunctive relief" to appoint a Non-biased
mental health investigator to investigate plaintiffs "conditions of
confinement" here on BHU, unit and the conduct of the officers.
and mental health staff but not limited to its clients unit/case mgr.
with sufficient evidence of "Medical to Neglect ie. conditions of
confinement ect" plaintiff respectfully urges the court. Plaintiff strongly
but respectfully argues that such an investigation would be needed
to expose the acts/actions of the mental Health/security administrators.
As an investigation will help to "Coroberate" BHU clients testimony
to plaintiffs testimoney to that of which he's attempting to convey
to the Honorable court, to provide plaintiff with equal oppertunity as
mental health/security admin, as they will undeniably move to
deffend themselfs by/through the same formal investigatory methods.
And thus plaintiff respectfully argues that as such an investigation would
incurage the physical safety of plaintiff as well as the other some 40/
fourty pluse other "clients/mental health clients/consumers" physical
safety as well. As proof of officer Howes. reffance Howe are to
"Discriminatory, retalitory" disposition towards plaintiff today
when after plaintiff suggested that it was in fact discriminatory
to only attend to clients cells - 201, 203, and 209 while cleaning
their rooms but not plaintiffs. Sgt. Howe proceeded to clean his
cell but not befor she "Handcuffed" plaintiff to his door befor
opening it through the food slot commenting that "Yeah I'm gonna treat
you different because I don't know you" reffering to the fact that
she handcuffed plaintiff to the door but not any of the other clients.
And after sweeping around the puddle of dirty toilet watter that
due to the plaintiffs toilet leaking constantly sence approx. 04-10-20
remaines remaines in his floor inside his room. Sgt. Howe sprays
some unknown substance on his cell walls/floor and locks plaintiff
back inside his room. Because of the large "window" inside his room
and the poor/non-igsistant air ventelation inside plaintiffs cell, the
dirty, smelly, stagneint, toilet watter, The sun creates a type of "sona"
inside his cell which to an extent seems/feels like one's sufficating

to death given the nature of ones conditions of confinement, having full knowledge that there is no way out of the cell as of corse the cells door is locked from the "outside", Plaintiff merely mentions these things to the court because of the amount of time now he's been dealing with the broken toilet, Dirty cell, dirty cloths ect, that these things rise to the level of "significiant Hardships" and therefor merit an imediate investigation of the type or such as the Honorable Court sees fit. Plaintiff respectfully argues that this is tantamount to "Gross neglect" and therefor bears the ear markings of "Crule and unusual punishment" of a mental or mental health Consumer/patients, especially when the mental health/security admin are given to "look the other way" all the while telling plaintiff that he needs to "Refocus" or he'll suffer even all the more by being held down/forced against his own will while they administer, "IM - Drugs". Ultimately plaintiff would respectfully consider it no small victory/success if by/through his efforts/littigation it would cause those mental health/security administrators to "refocus" their "attention" on the real, situation at hand as plaintiff has attempted to convey to the court and install a far better and much needed System of "checks and balances" here on BHU, unit to ensure/include, routaine-maditory cell inspections and the "proper-cleaning ie, sweap, mop floors/rag to clean sink/toilet Brush ect. And laundry bags to be hung on each clients Cell and given Two sets of all proper atire at least, Therefor while one set of clothing is being washed the client may have the other set of clothes to where. This will ensure all clients cloths are properly tended to. And a Competent case worker/mgr, whom provided for its Clients basic needs ie, indigent supplies but not limited to Monthly "Level promo", reviews for qualifying Clients, Phone calls being another issue as explained where the rest of the prison populice is enjoying two free Phone calls weekly. To ensure BHU, Clients phone calls would also incurage that standard is upheld/inforced where ones family friends are envolved instead of being left out of touch. Plaintiff respectfully Thanks the court and its clercks for any and all consideration and help.

(3)   List the supporting facts:

Loss of privileges without due-process / Telephone calls
ect. - Retaliation for seeking redress.

_____

_____

(4)   Relief requested:  (State briefly exactly what you want the court to
do for you.)

Reinstate lost privileges / Telephone calls. Commissary
Award 5 K for pain and suffering / mental
anguish, ect

_____

If there are more than two claims that you wish to assert, describe the additional
claims using this same format on a separate sheet(s).

## VI.   Declarations

I declare under penalty of perjury that the foregoing is true and correct.


Brendan B IV                          4-14-20
Plaintiff's signature                 Date


I further declare under penalty of perjury that I placed this complaint in the
prison's legal mail system, with the correct postage attached, on the 27 day of
April , 2020.


Brendan B IV                          4-21-20
Plaintiff's signature                 Date

Rev. 10/20/2015