**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMES JORDANOFF, IV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-403-R** |
| | ) | |
| **AMANDA HAEZE TROXEL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is the Report and Recommendation, Doc. No. 6, filed by United States Magistrate Judge Suzanne Mitchell, in addition to the Motion for Discovery, Doc. No. 9, the Motion for Extension of Time, Doc. No. 11, and two letters, Doc. Nos. 7, 10, filed by Plaintiff James Jordanoff. The Court addresses each matter in turn.

**I.      Report and Recommendation**

Plaintiff James Jordanoff, a state prisoner appearing *pro se*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. Doc. No. 1. Plaintiff also requests leave to proceed *in forma pauperis* (ifp). Doc. No. 2. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On May 7, 2020, Judge Mitchell issued her Report and Recommendation. Doc. No. 6. The matter is currently before the Court on Petitioner's timely objection, Doc. No. 8, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Cognizant

of its obligation and granting Plaintiff's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court adopts the Report and Recommendation.

In his Complaint, Plaintiff asserts two claims. The first claim is asserted against Defendant Troxel, an officer at the Lexington Assessment & Reception Center, for excessive force and cruel and unusual punishment after she allegedly kicked Plaintiff in the nose and mouth area. Doc. No. 1 at 4–5. The second claim is asserted against "Captain Weaver," an officer at Joseph Harp Correctional Center, "Case Worker Kembrel," "BHU Behavioral health unit/Dr. Stem," and "Mental Health provider Ms. Howard." *Id.* at 13. Plaintiff alleges that these Defendants violated his Fourteenth Amendment rights to due process because they impeded his efforts to timely file legal documents, and that they are also liable for retaliation and discrimination for mistreating him after he filed institutional complaints against prison staff. *Id.* Plaintiff seeks monetary damages, reinstatement of certain privileges, and injunctive relief in the form of an investigation into certain Defendants' actions. *Id.* at 13, 19, 31. He did not pay his filing fee but filed a Motion for Leave to Proceed IFP. Doc. No. 2.

Judge Mitchell recommends the Court deny Plaintiff's Motion for Leave to Proceed IFP because Plaintiff previously filed five separate actions in federal court which were each dismissed for failure to state a claim, thus implicating the Prison Litigation Reform Act's three-strike rule. Doc. No. 6, at 2–3 (citing 28 U.S.C. § 1915(g)). As set out by Judge Mitchell, when the three-strike rule is implicated, a prisoner may not proceed ifp "unless the prisoner is under imminent danger of serious physical injury." *Id.* (citing 28 U.S.C. § 1915(g)). Judge Mitchell recommends the Court find that Plaintiff has not satisfied this

imminent-danger exception. *Id.* at 3–4. Accordingly, she recommends the action be dismissed unless Plaintiff pays his filing fee. *Id.* at 6.

Plaintiff does not object to the relevancy of the three-strike rule. His only objection is to Judge Mitchell's recommendation that the Court find he has not satisfied the imminent-danger exception to proceed ifp. Doc. No. 8. To satisfy this exception, a prisoner is "required to make specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 135 (2015) (internal quotation marks omitted). The "prisoner must have alleged an imminent danger at the time he filed his complaint" and should also make his "allegation in his motion for leave to proceed ifp." *Id.* 1179–80. In doing so, Plaintiff "must show a nexus between the imminent danger he alleges and the legal claims asserted." *See, e.g., Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019).

In an attempt to satisfy this requirement, Plaintiff identifies inmates who have threatened to cause him bodily harm and others who have threated to kill him by "putting drugs in his food." Doc. No. 8 at 3–4. He alleges that these threats are in response to the reports he filed against certain inmates and detention officers regarding their distribution of controlled substances within the prison, in addition to those same detention officers calling him a "snitch" in front of his fellow inmates *Id.*

Even assuming Plaintiff's allegations are specific and credible, they do not fulfill § 1915(g)'s imminent-danger requirement because Plaintiff fails to show a nexus between the imminent danger he alleges and the legal claims he asserts. "Determining if a sufficient

3

nexus exists involves considering whether the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint . . . and whether a favorable judicial outcome would redress that injury." *Boles*, 794 F. App'x at 770 (internal quotation marks omitted). Plaintiff's first claim alleges violations of his Eighth Amendment rights after being kicked in the face by an officer at a facility he has since been transferred from. Doc. No. 1 at 10–11. His second claim alleges violations of his Fourteenth Amendment rights after prison officials impeded his ability to file legal documents and retaliated against him after finding out that he reported their misconduct. *Id.* at 13. On these facts, Plaintiff's alleged imminent danger might be traceable to the detention officer's retaliation. However, a favorable judgment from the Court—granting Plaintiff $135,000.00 in monetary damages, restating his phone and commissary privileges, and providing injunctive relief against medical staff, *id.* at 13, 19, 31—would not resolve the threats he has received from fellow inmates. *Cf. Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 760 (10th Cir. 2018), *cert. granted in part on other grounds*, 140 S. Ct. 428, 205 L. Ed. 2d 244 (2019) (finding that "a favorable judicial outcome w[ould] not redress any mistreatment at the hands of guards . . . ."). In fact, Plaintiff does not even attempt to argue that a favorable judgment would remove him from harm's way. Accordingly, the Court finds no nexus between the claims Plaintiff asserts and the imminent danger he alleges. *See Boles*, 794 F. App'x at 770.

Moreover, in his objection, Plaintiff makes no reference to his Complaint or his Motion for Leave to Proceed IFP when asserting that he is in imminent danger. Rather, he acknowledges the events that place him in imminent danger took place after he filed his

4

Complaint and his Motion for Leave to Proceed IFP. Doc. No. 8, p. 2. He also attaches to his objection an "Inmate Grievance Process" form, written eight days after he mailed his Complaint and Motion for Leave to Proceed IFP, wherein he states, "I don't feel a threat to myself or staff. Although I have grievances, I'm addressing those through my Civil Rights Complaint." Doc. No. 8-1. In addition to further demonstrating the disconnect between Plaintiff's alleged imminent danger and the claims he asserts, the above information shows Plaintiff's failure to allege "an imminent danger at the time he filed his complaint," as required under § 1915(g). *Hafed*, 635 F.3d at 1179.

For these reasons, the Court adopts Judge Mitchell's recommendation to deny Plaintiff's Motion for Leave to Proceed IFP. Plaintiff's claims are not, however, dismissed at this time. The Court grants Plaintiff 21 days in which to pay his filing fee. If Plaintiff fails to pay his filing fee within the allotted time, his Complaint will be dismissed without further notice.

## II.    Motion for Discovery

On May 29, 2020 Plaintiff filed a Motion for Discovery, Doc. No. 9, requesting the Court "place[] a stay on" certain cameras and recording devices in his facility. Plaintiff wishes to preserve the evidence captured on these devices to later demonstrate that his legal mail and paperwork were taken from him in violation of the law. *Id.* at 1. Having denied Plaintiff's request to proceed ifp, the Court reserves judgment on Plaintiff's Motion for Discovery until after he has paid his filing fee in full. *See Pinson v. Pledger*, No. CIV-15-319-F, 2016 WL 4534925, at *4 (W.D. Okla. July 22, 2016), (noting Plaintiff is "obligated to prepay the entire $400 filing fee before this Court may consider any new action.") *report*

*and recommendation adopted sub nom. Pinson v. FNU Pledger*, 2016 WL 4535044 (W.D. Okla. Aug. 30, 2016).

### III.   Motion for Extension of Time

On May 29, 2020 Plaintiff also filed a Motion for Extension of Time, Doc. No. 11, wherein he asks for extra time to pay his filing fee. Doc. No. 11. There was, however, no filing fee deadline imposed by the Court at that time. Therefore, the Court has no deadline to extend. Plaintiff's motion for extension is denied. By this order, the Court has granted Plaintiff a sufficient amount of time—21 days—in which to pay his filing fee in full.

### IV.   Letters

On May 14, 2020 and May 29, 2020, Plaintiff filed letters informing the Court of a variety of issues related to his Complaint in addition to a number of issues unrelated to his Complaint. Doc. Nos. 7, 10. The Court has limited jurisdiction to rule on motions before it that relate to a properly filed action. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). In that regard, Plaintiff is advised that the Court does not rule on letters. If Plaintiff has a matter he wishes the Court to rule on, he must file a motion seeking the ruling he desires.

### V.   Conclusion

For the foregoing reasons, the Court hereby adopts Judge Mitchell's Report and Recommendation, Doc. No. 6, denies Plaintiff's Motion for Extension of Time, Doc. No. 11, and reserves judgment on Plaintiff's Motion for Discovery, Doc. No. 9. Accordingly, Plaintiff's Motion for Leave to Proceed IFP, Doc. No 2, is denied. Plaintiff has 21 days

from the date of this order to pay his filing fee. If Plaintiff fails to pay his filing fee within

that time, his action will be dismissed without further notice.

      **IT IS SO ORDERED** this 4th day of June 2020.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**