IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-20-403-R |
| | ) |
| AMANDA HAEZE TROXEL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Jordanoff, an Oklahoma inmate appearing pro se, filed a complaint under 42 U.S.C. § 1983. Doc. No. 1. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Suzanne Mitchell for preliminary review. On July 20, 2020, Judge Mitchell issued here Report and Recommendation. Doc. No. 23. The matter is currently before the Court on Petitioner's timely objection, Doc. No. 24, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Cognizant of its obligation and granting Plaintiff's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court adopts the Report and Recommendation.

In her Report and Recommendation, Judge Mitchell recommends Plaintiff's claim for monetary damages against Defendant Troxel in her official capacity be dismissed on the basis of Eleventh Amendment immunity. Plaintiff objects, arguing that Defendant Troxel "was acting under color of state law in her official capacity as a [corporal] when

1

she assaulted plaintiff by kicking him [i]n the face with her work[]boot without justifiable cause . . . ." Doc. No. 24. Plaintiff does not further expand upon this objection, nor does he issue any further objection. *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As stated in Judge Mitchell's report, a claim for damages against a state official in her official capacity is construed as a claim against the state. Doc. No. 23 (citing *Kentucky v.* Graham, 473 U.S. 159, 169 (1985)). Defendant Troxel is an officer at the Lexington Assessment and Reception Center—a maximum security state prison for men, located in Cleveland County, Oklahoma—which is owned by the Oklahoma Department of Corrections, an agency of the State of Oklahoma. Thus, Defendant Troxel is a state official, and Plaintiff's claim for damages against Defendant Troxel in her official capacity is properly construed as a claim against the State of Oklahoma. "The State, however, is not a 'person' that can be sued under 42 U.S.C. § 1983." *See Maxwell v. Oklahoma*, Case No. CIV-18-50-R, at 2 (W.D. Okla. Feb. 9, 2018) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989)). Plaintiff's objection is thus without merit. Judge Mitchell correctly recommends dismissal of Plaintiff's claim against Defendant Troxel in her official capacity.

Plaintiff also requests the Court appoint him counsel to help him further litigate this case. Doc. No. 25. Plaintiff contends that he is at a disadvantage due to his mental health status and references a number of alleged hardships he has experienced while incarcerated.

*See id.* (citing Doc. No. 24, pp. 2–4). "A prisoner filing a § 1983 civil rights complaint does not have a right to appointed counsel." *Dailey v. Ulibarri*, No. CIV 08-538 MCA/LFG, (D.N.M. Jul. 30, 2009). "The decision whether to appoint counsel in a civil matter lies in the discretion of the Court." *Hines v. Allbaugh*, Case No. CIV-19-580-R at 2 (W.D. Okla. Feb. 12, 2020) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The burden is on the plaintiff to convince the court that his claim has merit and that his case is one of those "extreme cases" where lack of counsel will result in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

> It is not enough that having counsel appointed would have assisted the prisoner in presenting his strongest possible case, as the same could be said in any case. . . . In evaluating a prisoner's request for appointed counsel, the court should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.

*Id.*, at 1223–24 (internal punctuation and citations omitted). After consideration of these factors, the Court finds Plaintiff is not entitled to appointment of counsel at this time. Put simply, Plaintiff does not meet his burden of showing that his case is one of the extreme cases where lack of counsel will result in fundamental unfairness.

For the foregoing reasons, the Court hereby adopts the Report and Recommendation, Doc. No. 23. Accordingly, Plaintiff's claim against Defendant Troxel in her official capacity is dismissed.[1] Additionally, the Court denies Plaintiff's motion for appointment of counsel, Doc. No. 24.

---

[1] This order does not dismiss Plaintiff's claim against Defendant Troxel in her individual capacity.

**IT IS SO ORDERED** this 24th day of August 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE