## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMES JORDANOFF IV,                  )
                                     )
                    Plaintiff,       )
v.                                   )        Case No. CIV-20-403-R
                                     )
AMANDA HAEZE TROXEL,                 )
et al.,                              )
                                     )
                    Defendants.      )

## ORDER

Before the Court is Plaintiff James Jordanoff IV's *pro se* action pursuant to 28 U.S.C. § 1983. Doc. No. 1. United States Magistrate Judge Amanda Maxfield Green entered her Report and Recommendation [Doc. No. 72], in which she recommends the Court grant Defendant Amanda Haeze Troxel's Motion to Dismiss [Doc. No. 62] and grant summary judgment for the remaining Defendants. Mr. Jordanoff has timely filed his objection [Doc. No. 81], and the matter is ripe for decision. For the reasons set forth on *de novo* review below, the Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's Complaint. Doc. No. 1. The Court further DENIES as moot Mr. Jordanoff's motion for evidentiary hearing [Doc. Nos. 82, 83], request for injunction [Doc. No. 1 at 29], and his request for the appointment of counsel [Doc. No. 84].[1]

---

[1] Many of Mr. Jordanoff's filings relate to events that are outside the scope of the current litigation because they relate to non-defendants and their actions. These filings can be broadly categorized into three categories: (1) requests for injunctive relief against non-defendants for events that allegedly took place after the Plaintiff filed his Complaint [Doc. Nos. 7, 14, 29, 37, 39, 75]; (2) attempts to submit evidence regarding alleged events not complained about in his Complaint [Doc. Nos. 15, 18, 19, 20, 49, 83]; and (3) motions for discovery seeking information about incidents that allegedly took place after Plaintiff initiated his current case and that were allegedly caused by non-defendants [Doc. Nos. 22, 28, 36, 55, 67, 85]. The Court will not consider these filings because a *pro se* plaintiff must still properly file motions to amend his complaint in order to add defendants and allegations. Submitting evidence and motions which seek injunctions or relate to discovery outside the bounds of the current lawsuit is not the proper way for

Mr. Jordanoff's action stems from Ms. Troxel allegedly kicking Plaintiff in the face through the food slot in his cell door on February 7, 2020. Doc. No. 1 at 8–9. At the time, Mr. Jordanoff was at the Lexington Assessment and Reception Center (LARC). Doc No. 60 at 4. A nurse reported the incident, and the facility launched an investigation, which ultimately determined there was a lack of evidence to substantiate the allegations. *Id*. at 4–5. On March 9, 2020, the Oklahoma Department of Corrections (ODOC) moved Mr. Jordanoff to the Mental Health Unit (MHU) at Joseph Harp Correctional Center (JHCC). *Id*. at 7. There, Plaintiff claims Captain Weaver, in her official capacity, and case worker Kembrel retaliated against him for the instant litigation against Ms. Troxel by illegally confiscating his property, impeding his legal actions, placing him in dangerously unsanitary conditions, and administering him medication that he is allergic to. Doc. No. 1 at 14–18.

Judge Green recommends the Court dismiss Plaintiff's claims for two reasons. First, Mr. Jordanoff has had ample time to serve Ms. Troxel in this case but has failed to do so. Doc. No. 72 at 7. Accordingly, Judge Green recommends the Court dismiss Plaintiffs claims against Ms. Troxel for failure to comply with Fed. R. Civ. P. 4. *Id*. 5, 7. Second, the Report and Recommendation reasons that regardless of Plaintiff's failure to serve the Defendants, Mr. Jordanoff has failed to exhaust his administrative remedies regarding any

---

Plaintiff to expand the scope of his case. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* litigants are required to follow the same procedures as other litigants); *see also Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (liberal construction of *pro se* filings does not extend to curing omissions and supplying arguments for them that they have failed to raise on their own). The Court therefore examines only the allegations against the Defendants in the Complaint and the evidence submitted regarding those allegations henceforth.

of the claims with the ODOC before filing his lawsuit, violating the Prison Litigation Reform Act (PLRA) [42 U.S.C. § 1997e(a)]. *Id*. at 9, 11–14. Consequently, Judge Green recommends the Court dismiss the Complaint without prejudice. *Id*. at 14.

Mr. Jordanoff objects to both lines of reasoning. First, he argues that JHCC has inhibited his ability to serve Ms. Troxel because prison staff took his legal materials, interfered with his legal mail, and told him incorrect information regarding how to serve Ms. Troxel. Doc. No. 81 at 66, 13. Second, Plaintiff contends the ODOC ensured that administrative remedies were unavailable. *Id*. at 18–23. Mr. Jordanoff claims he filed an emergency grievance at the LARC, but never received a response. *Id*. at 18. He also argues that he attempted to follow up on the alleged kick in the face at JHCC, but staff told him there were no forms available. *Id*. 19–21. Plaintiff further contends that he was afraid of utilizing the ODOC's grievance system because he feared further retaliation after Ms. Troxel allegedly kicked him and JHCC employees allegedly retaliated against him. *Id*. at 21, 24, 26–27. Mr. Jordanoff thus concludes that the Court should grant him more time to effect service, find the ODOC's grievance system was not available to him, and provide him the opportunity to present his arguments at an evidentiary hearing. *Id*. at 4–7.

Regarding Judge Green's first line of reasoning, the Court agrees with her that Plaintiff has failed to timely effect service on Defendants. Fed. R. Civ. P. 4 sets out "[d]etailed instructions on how to serve a summons and complaint" on a defendant in a civil action. *Martinez-Jones v. Dulce Indep. Sch.*, No. CIV-07-0703, 2008 WL 2229472, at *5 (D.N.M. Mar. 5, 2008). "Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that

marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Further, Rule 4 service of process "provides the mechanism" for the court to "assert[] jurisdiction over the person of the party served." *Id*.; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Proper "service is a precondition [for a] suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th Cir. 1998). Accordingly, a plaintiff's unexcused failure to comply with Rule 4 allows a district court to dismiss the action. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992).

A Rule 12(b)(5) motion challenges the plaintiff's mode or method of serving process on the objecting party. *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citation omitted). In his motions, letters, and supporting briefs, Plaintiff need only make a prima facie showing that service was proper under Rule 4. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008); *see also Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *2 n.7 (W.D. Okla. May 21, 2015) (noting that the court can consider "documentary evidence" submitted with a Rule 12(b)(5) motion without converting the motion to one for summary judgment). A Rule 12(b)(5) motion to dismiss "differ[s] from the other motions permitted by Rule 12(b) somewhat in that [it] offer[s] the district court a course of action—quashing the process without dismissing the action—other than dismissing the case when the defendant's defense or objection is sustained." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, , § 1354 (3d. ed. 2004). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an

opportunity to re-serve the defendant" rather than dismiss the action. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). Additionally, because Mr. Jordanoff is a *pro se* litigant, the Court affords his materials a liberal construction but does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Here, Judge Green explains that Mr. Jordanoff failed to serve Ms. Troxel properly because he failed to mark his certified mailing containing service documents as "restricted delivery." *See* Doc. 54-2. Consequently, "S. Madden" received the service papers. *See* Doc. No. 54-3 at 1. Rule 4(e)(1) permits service upon an individual by following the applicable state law for serving a summons and complaint in an action brought in courts of general jurisdiction in the state where the federal district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Oklahoma is both where the Court is located and where Mr. Jordanoff attempted to serve Ms. Troxel. Consequently, Oklahoma's service-by-mail statute satisfies Rule 4.

Pursuant to Oklahoma law, "[s]ervice by mail shall be accomplished by mailing a copy of the summons and [complaint] by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12 § 2004(C)(2)(b). Despite this statutory language, the summons and complaint need not be marked "delivery restricted" or mailed to a particular place—such as the defendant's home—to be effective, as long as service is accepted or refused by the defendant to whom it is addressed or by his or her agent. *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798, 802 (10th Cir. 2008) ("[W]hen service is delivered to or refused by the addressee, or by an authorized person, the failure to specify restricted delivery does not prevent substantial compliance

with the statute."); *see also Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408, at *2 (W.D. Okla. Nov. 16, 2009) ("[T]he circumstances evidenced by the record reflect that, notwithstanding Plaintiff's failure to check the restricted delivery box on the certified mail receipt, that failure does not offend the standards of due process.").

Here, Mr. Jordanoff attempted to utilize Oklahoma's service by mail statute to effect service at Ms. Troxel's place of employment. However, neither Defendant Troxel nor her authorized agent received the service documents via certified mail.[2] Consequently, Plaintiff has not properly served Defendant Troxel. *See Hukill*, 542 F.3d at 802 ("[B]ecause Ms. Hukill's attempted service by mail was accepted by an unauthorized person, it did not substantially comply with the statute and was invalid.").

Mr. Jordanoff attempts to excuse his failure to properly serve Ms. Troxel by first arguing that his facility's employees have been interfering with his legal mail and gave him faulty advice as how to properly serve process via mail in Oklahoma. The Court construes this as a Fourteenth Amendment Due Process Clause access to the courts claim. To establish a violation of the right of access to the courts, Plaintiff must prove relevant, actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, he cannot do so "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id. See also Gee v. Pacheco*, 627 F.3d 1178, 1197 (10th Cir. 2010) ("a

---

[2] Ms. Troxel contends that "S. Madden," who received Plaintiff's certified mailing was not an authorized person to receive her service of process. *See* Doc. No. 62 at 4.

prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement"); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Plaintiff has provided no evidence as to how he was actually injured by this alleged interference, nor has he demonstrated that ODOC employees had a duty to help Mr. Jordanoff sue their colleagues beyond providing him adequate resources to research his case and mail his process papers. It is clear from the evidence that Plaintiff was able to learn about the existence of Oklahoma's service by mail law, and that Mr. Jordanoff indeed attempted to serve Defendant Troxel via certified mail. *See* Doc. Nos. 54, 54-2. Plaintiff also managed to accomplish this service attempt within the timeframe demanded of him by the Court. *Id.*; *see also* Doc. Nos. 48, 51, 53. It was Plaintiff's errors that stopped him from properly effecting service on Defendant Troxel, not a lack of access to the mail or legal resources. Namely, it was Mr. Jordanoff who chose to attempt service at Ms. Troxel's place of employment rather than her usual dwelling place, and it was Mr. Jordanoff who failed to select "Restricted Delivery" on his certified mail card. Consequently, the Court finds Plaintiff has failed to properly serve Ms. Troxel. The undersigned further finds that Mr. Jordanoff has had ample opportunity to serve Defendant Troxel yet has failed to do so. *See* Doc. Nos. 27, 48, 51, 53 (collectively ordering or extending time for Plaintiff to serve

process). Therefore, the Court adopts Judge Green's recommendation to dismiss Plaintiff's claims against Ms. Troxel.

Additionally, even had Plaintiff managed to properly serve Defendants in this case, as the Report and Recommendation explains, Mr. Jordanoff failed to exhaust his administrative remedies before filing his § 1983 action, in violation of the PLRA. Judge Green reasons, when parties in a motion to dismiss utilize materials not attached to or incorporated into the Complaint—such as the Special Report [Doc. No. 27]—the motion is properly converted into a motion for summary judgment. Fed. R. Civ. P. 56(d). Here, after reviewing the record, Judge Green found that there was no dispute as to the material fact that Mr. Jordanoff failed to exhaust his administrative remedies with the ODOC pursuant to the PLRA. Doc. No. 72 at 11–14. Consequently, Judge Green recommends the Court dismiss Plaintiff's Complaint. The undersigned agrees.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011) (internal quotation marks and citation omitted). Because Mr. Jordanoff is a *pro se* litigant, the Court again affords his materials a liberal construction but does not act as his advocate. *See Pinson*, 584 F.3d at 975. "There is no question that exhaustion is mandatory under the Prison[] Litigation Reform Act (PLRA) and that unexhausted claims cannot be brought in court." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010) (brackets, internal quotation marks and citation omitted). Exhaustion is required "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Administrative remedies are unavailable if prison officials are "unable or consistently unwilling to provide any relief," if "no ordinary prisoner can make sense of what [the grievance process] demands," or if "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules[]—rules that are defined not by the PLRA, but by the prison grievance process itself." *Thomas*, 609 F.3d at 1118 (internal quotation marks and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Jernigan*, 304 F.3d at 1032.

The Court can effectively group Mr. Jordanoff's myriad contentions into four arguments as to why the ODOC's grievance process was unavailable: (1) that he attempted an emergency grievance at the LARC that ODOC officials never responded to; (2) that when he arrived at the JHCC, prison employees informed him there were no forms for him to pursue the grievance process; (3) that he was afraid to pursue the grievance process after being kicked in the face and facing alleged retaliation in JHCC; and (4) that he has been effectively barred from accessing the grievance process by the confiscation of his legal materials and the ineffectiveness of the legal librarian. The Court addresses each of these claims in turn.

Mr. Jordanoff first argues that after Ms. Troxel allegedly kicked him, he attempted to submit an emergency grievance at the LARC to which ODOC officials never responded. Secondly, Plaintiff claims that he was denied the necessary grievance process forms to

pursue his claim when he arrived at JHCC. He raises both of these arguments for the first time in his objection to Judge Green's Report and Recommendation.[3] "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). The Court will accordingly deem waived Mr. Jordanoff's claims that he submitted an emergency grievance to the LARC and that he was denied the necessary grievance process forms. The undersigned now turns the factual and legal arguments that Plaintiff did raise before Judge Green in claims (3) and (4).

Mr. Jordanoff argues that ODOC staff intimidated him into not utilizing the grievance process after he was allegedly kicked in the face and placed into the MHU, rendering that process unavailable. For a prisoner to show his administrative remedies pursuant to the PLRA were unavailable due to intimidation, Plaintiff must demonstrate two elements: "(1) that the threat or intimidation actually did deter [him] from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust." *Tuckel*, 660 F.3d. at 1254. The first prong is subjective, while the second is objective. *Id.* "Only threats that are sufficiently serious or retaliatory acts that

---

[3] Contrary to his objection, in his Complaint Mr. Jordnoff alleges that he was retaliated against specifically for submitting requests to staff forms—the first form in the ODOC's grievance process. Doc. No. 1 at 14–15; *see also* Doc. No. 60-27 at 7. He further makes no claim that he ever attempted to obtain, much less was denied, an appeal out of time form, request to staff form, or a grievance form. Doc. No. 1 at 14–15; *See also* Doc. No. 60-27 at 4. Instead, he claims that he was delayed in receiving the "'PLRA § 1983 Civil Rights' form and the 'Pauperis affidavit.'" Doc. No. 1 at 14. Indeed, he claims that he submitted request to staff forms, which allegedly resulted in retaliation. *Id.* at 14–15.

are severe enough to deter a reasonable inmate will result in an administrative remedy becoming unavailable for PLRA purposes." *Id*.

Regarding the first prong, Mr. Jordanoff does not seem to have been dissuaded from reporting and discussing the alleged kick in the face with prison staff. According to his Complaint, he submitted a request for medical services the day after the incident and discussed the alleged kick with his fellow inmates. Doc. No. 1 at 3–7. He additionally sat down with prison staff to discuss the alleged incident, including providing a witness statement for ODOC's internal investigation into Ms. Troxel's conduct. *Id*. at 10; *see also* Doc. No. 61-2 at 18. Additionally, Mr. Jordanoff claims in his Complaint that upon arriving at JHCC, he began immediately submitting request to staff forms. Doc. No. 1 at 14. Indeed, since filing this lawsuit, the ODOC has provided evidence that Mr. Jordanoff has submitted least 74 request to staff forms and four grievance forms. Doc. Nos. 60-21, 60-22, 60-23, 60-24, 60-25. Furthermore, Mr. Jordanoff admits to having "prevailed" in at least one of his grievance submissions. Doc. No. 81 at 33. In short, Plaintiff has not been dissuaded or barred from pursuing his administrative remedies following the alleged events on February 7, 2020. Consequently, he fails the first prong of the *Tuckel* analysis.

As to the second prong, assuming for the sake of argument that Mr. Jordanoff was indeed dissuaded by the actions of prison staff from utilizing the ODOC grievance process, the Tenth Circuit has held in a factually similar case that a reasonable prisoner would not have been dissuaded from pursuing his administrative remedies. In *Brosh v. Duke*, 616 F. App'x 883 (10th Cir. 2015), a prisoner sued a federal corrections officer for maliciously locking him and another prisoner in a refrigerator. *Id*. at 884–85. Neither the plaintiff nor

11

the other prisoner ever filed a grievance regarding the incident. *Id*. at 886. The plaintiff argued his ability to utilize the prison grievance system was rendered unavailable because of the intimidation and fear he felt after prison staff locked him in the refrigerator. *Id*. at 887.

The *Brosh* court held that although the plaintiff was indeed subjectively dissuaded from filing a grievance, he was not objectively reasonable in failing to utilize his administrative remedies. *Id*. at 887–88. The Tenth Circuit reasoned that a prisoner of ordinary firmness who freely discussed the incident with prison staff and other prisoners would not be dissuaded from filing an administrative grievance, *id*., and further noted that prison staff never threatened the plaintiff and indeed assisted him with potential administrative action after the incident. *Id*. The court concluded that, in light of this evidence, an inmate of ordinary fortitude would have been able to utilize the prison grievance system and affirmed summary judgment for the defendant based on the plaintiff's failure to exhaust his administrative remedies pursuant to the PLRA.

The Tenth Circuit's reasoning demonstrates that Mr. Jordanoff is objectively unreasonable for failing to exhaust his administrative remedies following Ms. Troxel's alleged kick to his face. Plaintiff, as stated above, submitted a request for medical aid and discussed the incident with prison staff and his fellow inmates. Furthermore, Plaintiff submitted a request to staff form and a subsequent grievance form regarding several of issues he raises in the Complaint, but he failed to pursue a grievance related to Ms. Troxel. *See* Doc. No. 60-22. The Court, consequently, finds that Plaintiff was not objectively reasonable in allegedly feeling intimidated by staff into not utilizing the ODOC grievance

process. Because Mr. Jordanoff's argument fails to satisfy both prongs of the *Tuckel* analysis, the Court finds that ODOC intimidation did not render his administrative remedies unavailable.

In his final argument as to why his administrative remedies were unavailable, Mr. Jordanoff claims that prison staff interfered with his ability to use the grievance system. District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation and quotation marks omitted). However, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA . . . ." *Jernigan*, 304 F.3d at 1032. The doctrine of substantial compliance is inapplicable in the PLRA context. *Id.*

As discussed above, Mr. Jordanoff never attempted to utilize the grievance process regarding his claims against Ms. Troxel. The ODOC's report included a sworn affidavit in which it claims Plaintiff never attempted to utilize the grievance process regarding any of his § 1983 claims before filing his Complaint. Doc. No. 60-6. After Plaintiff mailed his lawsuit, Plaintiff submitted a request to staff concerning many of the allegations in his Complaint. *See* Doc. No. 60-22 at 4. He followed up on this request to staff with a formal grievance on May 6, 2020, which was returned unanswered on May 26, 2020, instructing

Plaintiff to use the correct form. *Id.* at 2. Thus, it appears prison staff did not stop Mr. Jordanoff from utilizing the grievance procedure, but rather he decided to preempt and abandon his administrative remedies to focus on this § 1983 lawsuit.

In short, Plaintiff, "'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" *Thomas*, 609 F.3d at 1119–20 (quoting *Jernigan*, 304 F.3d at 1033). Consequently, the Court finds JHCC staff did not interfere with Mr. Jordanoff's ability to utilize the prison grievance system, and that system was available to him. Furthermore, because all of Plaintiff's arguments fail to demonstrate that administrative remedies were unavailable to him, the Court finds Mr. Jordanoff has failed to exhaust those remedies pursuant to the PLRA. The Court thus dismisses his § 1983 action without prejudice.

Mr. Jordanoff additionally requests the Court appoint him counsel, impose an injunction, and grant him an evidentiary hearing. However, because his claims are dismissed for failing to comply with the mandatory exhaustion requirement found in the PLRA, the Court finds that these requests are moot. The Court accordingly denies Plaintiff's request for the appointment of counsel, request for injunction, and his motion for an evidentiary hearing.

For the reasons state above, the Court ADOPTS the Report and Recommendation. Doc. No. 72. Defendant Troxel's Motion to Dismiss [Doc. No. 62] is GRANTED. The Court additionally DISMISSES Plaintiff's Complaint [Doc. No. 1] for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The Court further DENIES as

moot Mr. Jordanoff's request for counsel [Doc. No. 84], request for injunctive relief [Doc.

No. 1 at 29], and Motion for Evidentiary Hearing. [Doc. Nos. 82, 83].

IT IS SO ORDERED this 11th day of April 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE