IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JORDANOFF IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-20-403-R |
| | ) | |
| AMANDA HAEZE TROXEL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff James Jordanoff IV's *pro se* "Motion to Reconsider Pursuant to F.R.C.P. Rule 60(b)1.2.3.6." (Doc. No. 90). In a previous order, the Court adopted the Report and Recommendation of United States Magistrate Judge Amanda Maxfield Green [Doc. No. 72] dismissing Plaintiff's Complaint against defendant Amanda Haeze Troxel for failure to serve process pursuant to Fed. R. Civ. P. 4 and granting summary judgment for the remaining defendants for failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See generally* Doc. No. 86. Although Mr. Jordanoff filed his current motion under Rule 60(b) because he submitted his motion twenty-two days after the Courted entered its order dismissing his case, it is properly construed as a motion under Fed. R. Civ. P. 59(e). *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703–04 (10th Cir. 1998) ("post-judgment motions . . . should, where possible, be construed as 59(e) motions"); *see also* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Having

reviewed Plaintiff's argument and the applicable law, the Court DENIES Mr. Jordanoff's motion (Doc. No. 90).

Mr. Jordanoff's action stems from Ms. Troxel allegedly kicking Plaintiff in the face through the food slot in his cell door on February 7, 2020. Doc. No. 1 at 8–9. At the time, Mr. Jordanoff was at the Lexington Assessment and Reception Center (LARC). Doc No. 60 at 4. A nurse reported the incident, and the facility launched an investigation, which ultimately determined a lack of evidence to substantiate the allegations. *Id*. at 4–5. On March 9, 2020, the Oklahoma Department of Corrections moved Mr. Jordanoff to the Mental Health Unit at Joseph Harp Correctional Center (JHCC). *Id*. at 7. There, Plaintiff claims Captain Weaver, in her official capacity, and case worker Kembrel retaliated against him for the instant litigation against Ms. Troxel by illegally confiscating his property, impeding his legal actions, placing him in dangerously unsanitary conditions, and administering him medication that he is allergic to. Doc. No. 1 at 14–18. After filing his complaint and preliminary proceedings before United States Magistrate Judges,[1] Magistrate Judge Green recommended the Court grant summary judgment dismissing Mr. Jordanoff's complaint and the Court adopted that recommendation. *See* Doc. No. 86.

Because Plaintiff timely filed the instant Motion and challenges the merits of the Court's decision to enter summary judgment in his case, the Motion is appropriately considered under Rule 59(e). *See Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005); *see also Wright*, 259 F.3d at 1232. The grounds for granting relief from a judgment under

---

[1] This matter was referred under 28 U.S.C. 636 to Magistrate Judge Suzanne Mitchell before the Clerk of Court transferred it to Magistrate Judge Amanda Maxfield Green.

Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

Plaintiff utilizes most of his brief to rehash his objections to the Report and Recommendation. He does, however, raise two novel arguments. In the first, he contends that he did not fill out the certified mail receipts, which failed to comply with Oklahoma service of process law. In his second argument, he claims to have provided new evidence that his prison's mailroom has been interfering with his ability to complete the grievance process. He believes this evidence is conclusive and should excuse him from the exhaustion requirement of the PLRA. The Court addresses each in turn.

Under Oklahoma law, "[s]ervice by mail shall be accomplished by mailing a copy of the summons and [complaint] by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12 § 2004(C)(2)(b). Despite this statutory language, the summons and complaint need not be marked "delivery restricted" or mailed to a particular place—such as the defendant's home—to be effective, as long as service is accepted or refused by the defendant to whom it is addressed or by his or her agent. *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798, 802 (10th Cir. 2008) ("[W]hen service is delivered to or refused by the addressee, or by an authorized person, the failure to specify restricted delivery does not prevent substantial compliance with the

3

statute."); *see also Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408, at *2 (W.D. Okla. Nov. 16, 2009) ("[T]he circumstances evidenced by the record reflect that, notwithstanding Plaintiff's failure to check the restricted delivery box on the certified mail receipt, that failure does not offend the standards of due process.").

In his objection to the report and recommendation, Mr. Jordanoff provided the certified mail receipts as evidence that he complied with the Oklahoma service of process rules. Doc. Nos. 54, 54-2. Now, he desires the Court to see his evidence in a new light, namely, that prison mailroom staff interfered with his ability to serve defendant Troxel by intentionally failing to mark "Certified Mail Restricted Delivery" on his mailed service papers. However, the receipts, without more, do not show that prison officials intentionally interfered with Mr. Jordanoff's ability to serve process by failing to mark "Certified Mail Restricted Delivery". Mr. Jordanoff's naked accusations against his facility do not convince the Court that its previous order was in clear error. Furthermore, it is evident from the record that Mr. Jordanoff had ample time to serve Ms. Troxel and has consistently utilized the JHCC's prison mail system effectively. [2] Consequently, the Court rejects granting Rule 59(e) relief based on Plaintiff's first argument.

---

[2] Mr. Jordanoff uses the legal mail system to be a prolific filer. He has submitted numerous letters, many of which relate to events outside the scope of the current litigation because they relate to non-defendants and their actions. These filings can be broadly categorized into three categories: (1) requests for injunctive relief against non-defendants for events that allegedly occurred after Plaintiff filed his Complaint [Doc. Nos. 7, 14, 29, 37, 39, 75]; (2) attempts to submit evidence regarding alleged events not complained about in his Complaint [Doc. Nos. 15, 18, 19, 20, 49, 83]; and (3) motions for discovery seeking information about incidents that allegedly occurred after Plaintiff initiated his current case and that were allegedly caused by non-defendants [Doc. Nos. 22, 28, 36, 55, 67, 85]. His submission of many documents during these proceedings starkly contrasts Mr. Jordanoff's claims that he is consistently denied effective use of his facility's legal mail system. Additionally, the Court granted Plaintiff over a year to serve defendant Troxel, from filing his claim on May 1, 2020 to July 1, 2021, which Mr. Jordanoff failed to exploit to move his case forward. *See* Doc. No. 51

4

In his second argument, Plaintiff claims he has definitive evidence that demonstrates prison staff interfered with his ability to utilize the grievance process in accordance with the PLRA. Administrative remedies are unavailable if prison officials are "unable or consistently unwilling to provide any relief," if "no ordinary prisoner can make sense of what [the grievance process] demands," or if "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643 (2016). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules[]—rules that are defined not by the PLRA, but by the prison grievance process itself." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation and quotation marks omitted). Here, Mr. Jordanoff has provided, as novel evidence in support of his interference argument, a returned certified mail return receipt, claiming it proves the prison is interfering with his ability to send grievances and appeals. However, the receipt does not demonstrate interference, even when combined with Mr. Jordanoff's

5

unsworn allegations regarding the receipt in this Motion. All it shows is Mr. Jordanoff has a dateless return receipt from a package he sent to the Oklahoma Pardon and Parole Board. The Court, consequently, finds Plaintiff has not provided new evidence showing that the judgment in this case was in error and denies Rule 59(e) relief.

For the reasons set forth above, the Court DENIES Plaintiff's "Motion to Reconsider Pursuant to F.R.C.P. Rule 60(b)1.2.3.6." construed as a motion under Rule 59(e) (Doc. No. 90).

IT IS SO ORDERED this 27th day of July 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE