IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-403-R |
| | ) |
| AMANDA HAEZE TROXEL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff James Jordanoff IV's *pro se* "Motion to Reconsider Pursuant to F.R.C.P. Rule 59(e)" (Doc. No. 92). Because the motion lacks merit, the Court forgoes awaiting the Defendants' response and DENIES the motion for the reasons below.

In a previous order, the Court adopted the Report and Recommendation of United States Magistrate Judge Amanda Maxfield Green [Doc. No. 72] dismissing Plaintiff's Complaint against defendant Amanda Haeze Troxel, a former corrections officer, for failure to serve process pursuant to Fed. R. Civ. P. 4 and granting summary judgment for the remaining defendants for failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See generally* Doc. No. 86. Mr. Jordanoff then filed a "Motion to Reconsider Pursuant to F.R.C.P. Rule 60(b)1.2.3.6." (Doc. No. 90), which the Court construed as a motion pursuant to Fed. R. Civ. P. 59(e)[1] and denied on the merits.

---

[1] Mr. Jordanoff submitted his motion pursuant to Fed. R. Civ. P. 60(b) twenty-two days after the Court entered its order dismissing his case. The Court thus construed it as a motion under Fed. R. Civ. P. 59(e). *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703–04 (10th Cir. 1998) ("post-judgment motions . . . should, where possible, be construed as Rule 59(e) motions"); *see also* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

*See generally* Doc. No. 91. Plaintiff, unsatisfied with the Court's order, now submits a second post-judgment motion. Mr. Jordanoff cites Rule 59(e) as the basis for his current motion, but such motions must be filed no later than twenty-eight days following the entry of a judgment. *See* Fed. R. Civ. P. 59(e). The Court entered judgment in this case on April 11, 2022—129 days before Plaintiff filed the motion at hand. Consequently, the Court construes Mr. Jordanoff's motion as one for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) ("Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed.").

    Mr. Jordanoff argues that the Court misapplied the PLRA's exhaustion requirement because he is in the mental health unit of his prison, which subjects him to distractions from other inmates [Doc. No. 92 at 4]. He also argues that his own severe mental illness impedes his ability to litigate his case and renders him incapable of meeting the standards of the PLRA [*Id*. at 6–8]. Plaintiff dedicates the remainder of his motion to relitigating his case and previous motions. His catalog of grievances includes re-requesting the relief he desires in his Complaint, asking again for an attorney, and rehashing how the Court should interpret the evidence in this action. *See Id*. 8–17. *Id*. Namely, he wants the Court to find that a returned certified mail card is definitive proof that his facility interferes with his legal mail,[2] and the alleged interference rendered his facility's grievance process unavailable.

---

[2] The Court notes that, despite the alleged interference with his legal mail, Mr. Jordanoff has utilized his facility's legal mail system to become a prolific filer in this Court. *See* Docket Sheet.

2

The Tenth Circuit Court of Appeals has held regarding successive Rule 59(e) and Rule 60(b) motions:

> [A] motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . [A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Cf. Fed. R. App. P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court, therefore, will not consider the arguments Mr. Jordanoff has already raised before it, including his request for counsel and contention that the Court has failed to construe the evidence in his case correctly. *See generally* Doc. Nos. 86, 91 (orders adopting the Report and Recommendation [Doc. No. 72] and denying Plaintiff's motion under Rule 59(e)).

Regarding the novel arguments in Plaintiff's current motion, they center on the impact his mental illness and those of his fellow mentally ill inmates have on his ability to comply with the exhaustion requirement of the PLRA. The Court denies Rule 60(b) relief based on these contentions because Mr. Jordanoff needed to raise these arguments in earlier briefs. Plaintiff has been housed in the mental health unit since the initiation of this lawsuit. Thus, his mental illness and his housing situation are issues that he was aware of and able to bring to the Court's attention in prior motions.

Regardless, Mr. Jordanoff's argument fails on its own terms. An inmate's mental health does not allow a prisoner to evade the exhaustion requirement of the PLRA. *See*

*Smith v. Corr. Corp. of Am.,* 92 F. App'x 649, 650 (10th Cir. 2004) (upholding the dismissal of a § 1983 action when a mentally ill inmate housed in a mental health unit failed to exhaust his administrative remedies as required by the PLRA). Consequently, the Court also denies Plaintiff's mental health-related arguments in his Rule 60(b) motion on the merits.

For the reasons above, the Court DENIES Mr. Jordanoff's motion construed as one pursuant to Rule 60(b) (Doc. No. 92).

IT IS SO ORDERED this 25th day of August 2022.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE