IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-20-403-R |
| ) | |
| AMANDA HAEZE TROXEL, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are four motions submitted by Plaintiff James Jordanoff IV: (1) Motion to Reconsider (Doc. No. 94); (2) "Emergency Injunction and Restraining Order" (Doc. No. 95); (3) "Locatory injunction and or more appropriately construed request to submit evidence" (Doc. No. 96); and (4) "Interlocutory injunction" (Doc. No. 97). Upon consideration of the filings, the Court DENIES the Motions.

James Jordanoff IV, a state prisoner appearing *pro se*, filed this action on May 1, 2020. (Doc. No. 1). In his Complaint, Plaintiff alleged that Defendant Amanda Troxel used excessive force, and violated his right to be free from cruel and unusual punishment, "when she kicked [P]laintiff in his face with her workboot." (Doc. No. 1, at 8). He also claimed that Defendants "Captain Weaver," "Case Worker Kembrel," "BHU Behavioral health unit/Dr. Stem," and "Mental Health provider Ms. Howard" impeded his efforts to sue Defendant Troxel in violation of his right to due process. The claims against Defendant Troxel were dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4, and summary judgment was granted to the remaining Defendants for failure to exhaust

administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*See* Doc. No. 86). Plaintiff filed a motion to reconsider (Doc. No. 90) which was denied on the merits (Doc. No. 91), and then a subsequent motion to reconsider (Doc. No. 92) which was also denied (Doc. No. 93). Now, Plaintiff has filed his third motion to reconsider (Doc. No. 94), as well as multiple motions requesting injunctions and an opportunity to submit evidence (Doc. Nos. 95-97).

This case has been closed since April 11, 2022. (*See* Doc. Nos. 86-87). As noted in the Order closing this case,

> Many of Mr. Jordanoff's filings relate to events that are outside the scope of the current litigation because they relate to non-defendants and their actions. These filings can be broadly categorized into three categories: (1) requests for injunctive relief against non-defendants for events that allegedly took place after the Plaintiff filed his Complaint [Doc. Nos. 7, 14, 29, 37, 39, 75]; (2) attempts to submit evidence regarding alleged events not complained about in his Complaint [Doc. Nos. 15, 18, 19, 20, 49, 83]; and (3) motions for discovery seeking information about incidents that allegedly took place after Plaintiff initiated his current case and that were allegedly caused by non-defendants [Doc. Nos. 22, 28, 36, 55, 67, 85]. The Court will not consider these filings because a *pro se* plaintiff must still properly file motions to amend his complaint in order to add defendants and allegations. Submitting evidence and motions which seek injunctions or relate to discovery outside the bounds of the current lawsuit is not the proper way for Plaintiff to expand the scope of his case. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* litigants are required to follow the same procedures as other litigants); *see also Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (liberal construction of *pro se* filings does not extend to curing omissions and supplying arguments for them that they have failed to raise on their own).

(Doc. No. 86, at 1-2, n.1). In the present Motions, Plaintiff seeks injunctive relief to prevent prison staff from forcefully administering certain anti-psychotic medications. These claims are separate and distinct from the scope of the Complaint which was based on an allegation

of excessive force and related due process violations. Plaintiff now seeks restraining orders against Dr. Susan Campbell and the Oklahoma Department of Corrections (ODOC) (Doc. No. 95, at 18), and he requests that the Court order the ODOC to furnish him with a new law library designee other than Donna Blackman (Doc. No. 95, at 19-20). Dr. Susan Campbell, the ODOC, and Donna Blackman, however, are not parties to this case. This case has been closed for nearly six months. Accordingly, the Court finds that Plaintiff's allegations in the present Motions are outside the scope of this litigation.

For the reasons set forth above, Plaintiff's Motions (Doc. Nos. 94-97) are hereby DENIED.

IT IS SO ORDERED this 4th day of October 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE