IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-403-R |
| | ) |
| AMANDA HAEZE TROXEL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for an Interlocutory Injunction (Doc. No. 99). Upon consideration of the filing, the Court DENIES the Motion.

James Jordanoff IV, a state prisoner appearing *pro se*, filed this action on May 1, 2020. (Doc. No. 1). In his Complaint, Plaintiff alleged that Defendant Amanda Troxel used excessive force, and violated his right to be free from cruel and unusual punishment, "when she kicked [P]laintiff in his face with her workboot." (Doc. No. 1, at 8). He also claimed that Defendants "Captain Weaver," "Case Worker Kembrel," "BHU Behavioral health unit/Dr. Stem," and "Mental Health provider Ms. Howard" impeded his efforts to sue Defendant Troxel in violation of his right to due process. The claims against Defendant Troxel were dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4, and summary judgment was granted to the remaining Defendants for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*See* Doc. No. 86).

This case has been closed since April 11, 2022. (*See* Doc. Nos. 86-87). As noted in the Order closing this case, "Many of Mr. Jordanoff's filings relate to events that are outside the scope of the current litigation" such as "requests for injunctive relief against non-defendants for events that allegedly took place after the Plaintiff filed his Complaint." (Doc. No. 86, at 1, n.1). In its most recent Order (Doc. No. 98), the Court denied three motions for injunctive relief which were related to events that transpired after the Complaint was filed. Plaintiff now seeks injunctive relief, once again, to prevent prison staff from forcefully administering anti-psychotic medications (Doc. No. 99, at 6), and he requests that the Court "[l]aunch a full investigation respective into the [l]egitimacy and [l]egality of his conditions of confinement at the Joseph Harp corr. Center, in Lexington, OK" based, in part, upon events occurring on September 27, 2022, in which a prisoner "purportedly . . . died." (Doc. No. 99, at 1). In short, the Court finds that these claims are separate and distinct from the scope of this Complaint which alleged excessive force and due process violations.

For the reasons set forth above, Plaintiff's Motion (Doc. No. 99) is hereby DENIED. The Court anticipates no additional filings in this case. To that end, and in accordance with the Court's inherent power to regulate its docket and promote judicial efficiency, the Court Clerk is hereby ordered to accept for filing any new documents submitted by Plaintiff in this case, however, no action will be taken on such motions by the Court. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980); *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) ("The court of appeals also has the

inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . deter frivolous filings.").

IT IS SO ORDERED this 5th day of October 2022.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE